UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PACIFIC GROSERVICE INC., | Case No. 2:25-mc-51457 |
| Movant, | Hon. Jonathan J.C. Grey |
| v. | |
| LIVING ESSENTIALS, LLC, | |
| Respondent. | |

**BRIEF IN OPPOSITION TO PACIFIC GROSERVICE INC.'S MOTION TO COMPEL LIVING ESSENTIALS LLC'S COMPLIANCE WITH <u>SUBPOENA DUCES TECUM</u>**

**<u>TABLE OF CONTENTS</u>**

STATEMENT OF ISSUES PRESENTED.................................................................. iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iv

TABLE OF AUTHORITIES ................................................................................v

INTRODUCTION ...............................................................................................1

BACKGROUND AND STATEMENT OF FACTS ..................................................2

   I.   2012–2017: Anti-Counterfeiting Actions.........................................................3

   II.   2014:  First Price-Discrimination Suit Against Living Essentials - *ABC* .......5

   III.   2018-2025: Second Price-Discrimination Suit Against Living Essential -

   *U.S. Wholesale* ..................................................................................................6

   IV.   2025: *Rashidzada* and the Non-Party Subpoena.........................................8

ARGUMENT ......................................................................................................9

   I.   Standards......................................................................................................10

   II.   The Subpoena Is Barred as an Impermissible Collateral Attack on the Order

   Denying Discovery ...........................................................................................11

   III.   The Subpoena Is Barred as a Collateral Attack on the *U.S. Wholesale*

   District Court's Judgment in Living Essentials' Favor.......................................13

   IV.   Res Judicata or Collateral Estoppel Bar Plaintiffs' Claim such that

Discovery Is Unwarranted ...................................................................16

V.   SDCC Has No Basis to Propound the Discovery ..........................................20

VI.   The Documents Requests Are Otherwise Objectionable ...........................21

  A.   Discovery Is Available from Plaintiffs and Costco ..................................21

  B.   The Requests Are Vague, Overbroad, and Unduly Burdensome .............23

RELIEF REQUESTED ............................................................................25

## <u>STATEMENT OF ISSUES PRESENTED</u>

1.      Should this Court quash the subpoena issued against non-party Living Essentials or, alternatively, enter a protective order forbidding discovery in favor of the non-party subpoena recipient Living Essentials where (1) the subpoena is an impermissible collateral attack on an order denying discovery entered in a separate case, (2) the same discovery is available from Plaintiffs and Defendants, (3) the subpoena is an impermissible collateral attack on a prior court's judgment in favor of Living Essentials, (4) res judicata and collateral estoppel bar Plaintiffs' claims, (5) one of the Plaintiffs alleged that it has no interactions or business with Living Essentials, and (6) the requests are vague, overbroad, and unduly burdensome?

**Non-Party Living Essentials' Answers:** Yes

**Plaintiffs' Answer:** No

**This Court Should Answer:** Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Airframe Sys. V. Raytheon Co.*, 601 F.3d 9 (1st Cir. 2010)

*Republic Bldg. Co., Inc. v. Ch. Twp. of Clinton, Mich.*, 81 F.4th 662 (6th Cir. 2023)

*S.S. Aircraft Co. v. Piper Aircraft Co.*, 159 Mich. App. 389 (1987)

*Taylor v. Sturgell*, 553 U.S. 880 (2008)

*U.S. v. Mendoza*, 464 U.S. 154 (1984)

*U.S. Wholesale Outlet & Distrib., Inc., et al. v. Living Essentials, LLC, et al.*, No. 18-cv-1077 (C.D. Cal.)

*Walker v. Gen. Tel. Co.*, 25 Fed. App'x. 332 (6th Cir. 2001)

*Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005)

# TABLE OF AUTHORITIES

**Cases**

*A.K. Rashidzada, et al. v. Costco Wholesale Corp., et al.*,
  Case No. 25-CV-06405 (C.D. Cal. filed June 6, 2025)................................ passim

*ABC Distrib., Inc., et al. v. Living Essentials LLC, et al.*,
  No. 15-cv-2064 (N.D. Cal. filed May 7, 2015)........................................... 5, 8, 25

*Airframe Systems v. Raytheon Co.*,
  601 F.3d 9 (1st Cir. 2010) ...................................................................18

*Baumer v. Schmidt*,
  423 F.Supp.3d 393 (E.D. Mich. 2019) ...................................................21

*Bruszewski v. U.S.*,
  181 F.2d 419 (3rd Cir. 1950) ...............................................................18

*Hamilton's Bogarts, Inc. v. Michigan*,
  501 F.3d 644 (6th Cir. 2007) ...............................................................16

*In re El San Juan Hotel Corp.*,
  841 F.2d 6 (1st Cir. 1988) ...................................................................18

*In re: Mod. Plastics Corp.*,
  890 F.3d 244 (6th Cir. 2018) ...............................................................10

*Innovation Ventures, LLC, et al. v. Pittsburg Wholesale Grocers, Inc. Pacific
  Groservice Inc. et al.*,
  No. 12-cv-5523 (N.D. Ca. filed Oct. 26, 2012)....................................... 3, 5, 8, 25

*Innovation Ventures, LLC, et al. v. Ultimate One Distrib. Corp., et al.*,
  No. 12-cv-5354 (E.D.N.Y. filed Oct. 25, 2012)......................................4

*Mannon v. VAMC Ann Arbor*,
  2025 WL 2448485 (E.D. Mich. Aug. 25, 2025) ......................................24

*Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*,
  No. 08CV11562, 2010 WL 1782251 (E.D. Mich. May 3, 2010) ........................23

*Republic Bldg. Co., Inc. v. Ch. Twp. of Clinton, Mich.*,
  81 F.4th 662 (6th Cir. 2023)............................................................... 11, 13

*S.S. Aircraft Co. v. Piper Aircraft Co.*,
  159 Mich. App. 389 (1987) .................................................................11

*State Farm Mut. Ins. Co. v. Policherla*,
  2009 WL 2170183 (E.D. Mich. July 20, 2009)...................................................25

*Taylor v. Sturgell*,
  553 U.S. 880 (2008) ........................................................................16

*U.S. v. Mendoza*,
  464 U.S. 154 (1984) ........................................................................17

*U.S. Wholesale Outlet & Distr. v. Inno. Ventures, LLC*,

89 F.4th 1126 (9th Cir. 2023) ........................................................................ passim
*U.S. Wholesale Outlet & Distrib., Inc., et al. v. Living Essentials, LLC, et al.*,
  No. 18-cv-1077 (C.D. Cal.) ..................................................................... passim
*Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
  No. CIV. 07-12250, 2008 WL 2026131 (E.D. Mich. May 12, 2008) ................23
*Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*,
  546 U.S. 164 (2006) ........................................................................................14
*Walker v. Gen. Telephone Co.*,
  25 Fed. App'x. 332 (6th Cir. 2001) ................................................................17
*Wolfe v. Perry*,
  412 F.3d 707 (6th Cir. 2005) ..........................................................................17

**Statutes**

UCL § 17200 ........................................................................................................6
UPA § 17045 .................................................................................... 6, 9, 13, 15

**Rules**

Fed. R. Civ. P. 26(b)(1) ......................................................................................10
Fed. R. Civ. P. 26(c) .............................................................................................4
Fed. R. Civ. P. 45(d)(1) ......................................................................................10
Fed. R. Civ. P. 45(d)(3)(B)(i) ............................................................................24
Fed. R. Civ. P. 26(b)(2)(C)(i) ............................................................................21
L.R. 5.1(A)(2) .......................................................................................................1
L.R. 7.1(D)(3) .......................................................................................................1

## **INTRODUCTION**

Living Essentials LLC ("Living Essentials"), a non-party to the underlying action, has litigated against all of these Plaintiffs for over a decade. In the most recent case, *U.S. Wholesale Outlet & Distrib., Inc., et al. v. Living Essentials, LLC, et al.*, No. 18-cv-1077 (C.D. Cal.), the Central District of California ruled that Plaintiffs could not obtain the same discovery at issue here. Thereafter, Living Essentials obtained a final judgment against those Plaintiffs after trial and a first appeal on substantially similar claims to those Plaintiffs are litigating against Defendants Costco Wholesale Corp. and Costco Wholesale Membership, Inc. (collectively, "Costco"). Plaintiffs are attempting to dodge the discovery rulings and judgment through a non-party Subpoena. The Subpoena is a collateral attack on both the discovery order and the final judgment in the Central District of California.

The Subpoena is invalid for additional reasons. It requests documents already in the parties' possession; seeks confidential and proprietary financial information from Living Essentials; makes overbroad requests, seeking five years of documents, including emails and financial information; and they are vague, failing to identify what specific documents they seek. The Court should therefore deny Plaintiffs' motion to compel.[1]

---

[1] Plaintiffs' motion and brief should also be stricken for violating this Court's local rules. Plaintiffs motion is not "double-spaced" as required under LR 5.1(A)(2). If it were double-spaced, it would exceed this Court's 25-page limit. *See* LR 7.1(d)(3).

1

## BACKGROUND AND STATEMENT OF FACTS

Plaintiffs A.K. Rashidzada Corp., f/k/a L.A. International  ("LA Int'l"), Convenient Store Distributors, Inc. ("CSD"), Eashou Inc. d/b/a San Diego Cash & Carry ("SDCC"), Pacific Groservice Inc. ("Pacific"), Pittsburg Wholesale Grocers, Inc. ("Pittsburg") (Pacific and Pittsburg are collectively, "Pitco"), Sanoor, Inc. d/b/a L.A. Top Distributor ("LA Top"), and Trepco Imports & Distrib., Ltd. ("Trepco") (collectively, "Plaintiffs")[2] issued a single, consolidated subpoena to Movant, Living Essentials, LLC ("Living Essentials") seeking Living Essentials' confidential and proprietary financial costs, pricing, and dealings with Defendants.  (Ex. 2)  Living Essential objected on numerous grounds including that the subpoena was directed to the wrong entity and sought production of information more than 100 miles from Living Essentials' place of business.  (Ex. 3) Plaintiffs then served a superseding subpoena (the "Subpoena").  (Ex. 4)  Living Essentials provided its objections to the Subpoena as well.  (Ex. 5)

Plaintiffs are wholesalers of consumer-packaged goods.  They are in active litigation against Costco.  That case is pending as *A.K. Rashidzada, et al. v. Costco Wholesale Corp., et al.*, Case No. 25-CV-06405 (C.D. Cal. filed June 6, 2025) ("*Rashidzada*").  Living Essentials produces 5-hour ENERGY® ("5HE").  Living

---

[2] Between the time Plaintiffs issued the Subpoena and today, LA Top and CSD voluntarily dismissed their claims.  (Ex. 1)  Plaintiffs have not revised their omnibus subpoena to reflect that these entities are no longer plaintiffs.

Essentials is not a party to *Rashidzada*, but *Rashidzada* concerns the sale of 5HE and other consumer goods to Plaintiffs and Costco; and, Plaintiffs reference Living Essentials throughout their pleadings. *See Rashidzada*, First Amended Complaint ("FAC"), ECF No. 27.

Plaintiffs, their counsel, and Living Essentials have a history of litigation which must be known to provide the Court with context for determining this motion.

## I.     2012–2017: Anti-Counterfeiting Actions

In 2012, Living Essentials discovered ongoing counterfeiting of 5HE. The counterfeiters created fake boxes, bottles, and bottle caps; filled the bottles with a concoction manufactured in unsanitary and unregulated conditions; and disseminated over four million bottles of the liquid, passing it off as 5HE to wholesalers. Those wholesalers sold the fraudulent product to retailers, who sold it on to consumers. These transactions defrauded hundreds of thousands of consumers and placed them at risk. Living Essentials lost millions of dollars in sales, was forced to spend millions more on damage-control, and suffered injury to its goodwill.

After learning of the counterfeiting, Living Essentials filed two lawsuits against the wholesalers and retailers. One case was *Innovation Ventures, LLC, et al. v. Pittsburg Wholesale Grocers, Inc. Pacific Groservice Inc. et al.*, No. 12-cv-5523 (N.D. Ca. filed Oct. 26, 2012) ( "*Pitco*"). Pacific and Pittsburg—two of the Plaintiffs that served the Subpoena— were defendants in *Pitco*, because they bought and sold

3

hundreds of thousands of bottles of counterfeit 5HE.  The defense-side attorneys in the *Pitco* Action included two lawyers who remain counsel in this case.

In August and November 2013, Pacific and Pittsburg settled with Living Essentials.  In late 2013, *Pitco* was transferred to the Eastern District of New York, where it was consolidated with the other case filed by Living Essentials. *Innovation Ventures, LLC, et al. v. Ultimate One Distrib. Corp., et al.*, No. 12-cv-5354 (E.D.N.Y. filed Oct. 25, 2012) ("*Ultimate*").  Living Essentials obtained summary judgment on its remaining claims.  *See Ultimate*, ECF No. 886.  The opinion described the counterfeiting scheme as displaying "reckless disregard for public health and safety."  *Ultimate*, 176 F.Supp.3d 137, 170 (E.D.N.Y. 2016).

In March 2013, the parties in *Pitco* jointly submitted a proposed protective order (the "*Pitco* PO"), which the Court revised and entered. *Pitco* at ECF No. 252, 268.  It permitted parties to designate discovery materials "CONFIDENTIAL" if they qualified for protection under Fed. R. Civ. P. 26(c), *id.* § 2.2, and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if they were "extremely sensitive" and their "disclosure … would create a substantial risk of serious harm."  *Id.* § 2.7.  Material so designated was restricted to use "in connection with … this litigation or a Related Action", and disclosure was permitted "only to [specified] categories of persons."  *Id.* §§ 2.16, 8.1.  The *Pitco* PO ordered that confidentiality obligations "shall remain in effect" "[e]ven after final disposition of

this litigation," *id.* § 4, and commanded the parties to "return … or destroy" all designated material within 60 days of final disposition, except that counsel may preserve an "archival copy" of pleadings and transcripts. *Id.* § 15.  The consolidated actions closed in April 2017.

## II.   <u>2014:  First Price-Discrimination Suit Against Living Essentials - *ABC*</u>

In 2014, shortly after their clients settled the anti-counterfeiting litigation, counsel to Pacific and Pittsburg left their respective law firms and founded Gaw Poe. In May 2015, the firm filed a putative class action against Living Essentials on behalf of a class of wholesales, *ABC Distrib., Inc., et al. v. Living Essentials LLC, et al.*, No. 15-cv-2064 (N.D. Cal. filed May 7, 2015) ("*ABC*").  The named plaintiffs, including Pitco, alleged that Living Essentials engaged in price discrimination in violation of the Robinson-Patman Act ("RPA") and California Unfair Competition Law ("UCL") by "providing secret rebates and price discounts of … 5-Hour Energy … to certain favored wholesalers." *ABC*, ECF No. 50, ¶ 10.  It appears that counsel for Pitco "parlay[ed] their insider status into a series of new lawsuits against Living Essentials – using those very same clients as plaintiffs."  *Pitco*, ECF 621, PageID #:10597-98.  In 2015, Tonic Wholesale and Elite Wholesale, previous plaintiffs in *Pitco*, joined the *ABC* action.  *ABC* ECF No. 19. In April 2016, Pitco voluntarily dismissed their claims.  *Id.* ECF No. 78.  In April 2017, the *ABC* court denied class certification. In November 2017, the matter resolved.  *Id.* ECF Nos. 78 and 342.

III.    **2018-2025: Second Price-Discrimination Suit**
        **Against Living Essential - *U.S. Wholesale***

In February 2018, Gaw Poe represented a new crop of wholesalers in a second

price discrimination suit against Living Essentials, *U.S. Wholesale Outlet & Distrib.,*

*Inc., et al. v. Living Essentials, LLC, et al.*, No. 18-cv-1077 (C.D. Cal. filed Feb. 28,

2018) ("*U.S. Wholesale*").  This case again alleged Living Essentials violated the

RPA and UCL by selling 5HE to Costco at prices lower than the prices charged to

Plaintiffs and for purportedly "secret" discounts, rebates, and other promotional

allowances. *U.S. Wholesale*, Second Amended Complaint ("SAC"), ECF No. 35,

PageID #.155, 170, ¶¶ 6, 76. The plaintiffs in *U.S. Wholesale* include LA Int'l,[3]

SDCC, LA Top, Trepco, and three other companies.  They raised five claims,

alleging violations of the RPA, sections 2(a), 2(d), and 2(e); California Unfair

Practices Act, §17045 ("UPA"); and the UCL §17200.

Just prior to trial, the *U.S. Wholesale* Plaintiffs abandoned their Section 2(e)

RPA claim.  *U.S. Wholesale*, ECF No. 301, PageID.17948.  After they rested their

case at trial, they "voluntarily" dismissed the UPA §17045 claim and sought to

withdraw all state law jury instructions because plaintiffs had not presented expert

testimony or proven their case as to the jury portion of the action.  *Id.* ECF No. 546,

---

[3] A.K. Rashidzada Corp., f/k/a L.A. Int'l alleges that it owns all assets, including
legal claims, of LA Int'l. *Rashidzada* ECF No. 27, PageID.611, ¶ 38, FAC.

PageID.26856 and 26903, pp. 241:1-2 and 288:1-6.  (Ex. 6)  The jury unanimously found in favor of Living Essentials as to the Section 2(a) claim.  *U.S. Wholesale* ECF Nos. 517.  The District Court later ruled in favor of Living Essentials as to the Section 2(d) and the UCL claims.  *U.S. Wholesale* ECF Nos. 618 and 680.

The *U.S. Wholesale* plaintiffs appealed the jury verdict and the District Court's judgment on the Section 2(d) claim to the Ninth Circuit, but did not appeal any of the state law claims.  *See U.S. Wholesale Outlet & Distr. v. Inno. Ventures, LLC*, 89 F.4th 1126 (9th Cir. 2023). Relevant here, inconsistent with their earlier win on summary judgment obtaining a ruling that Instant Rebate Coupon ("IRC") rebates must be considered part of 5HE's price for the RPA Section 2(a) claims, post-trial, the *U.S. Wholesale* plaintiffs asked the Ninth Circuit to consider the IRC amounts as promotional payments under RPA Section 2(d).  The Ninth Circuit ruled they were judicially estopped from doing so.  *Id.* at 1145. The Ninth Circuit upheld the jury's verdict but reversed and remanded for further consideration of the Section 2(d) claim. *Id.* at 1147–48.

On remand, the *U.S. Wholesale* plaintiffs requested discovery concerning Living Essential's business activities with Costco including participation in Business Savings Events, the DOW (delivery, operations, web) allowance program, payment of advertising fees, and other information involving transactions, prices, and sales with Costco in the post-trial period.  *U.S. Wholesale*, ECF No. 653, PageID #.31587-

88.  (Ex. 7)  The District Court denied their request.  *Id*. ECF No. 676. (Ex. 8)

After post-remand briefing, the District Court issued its Amended Findings of Fact and Conclusions of Law, holding "the evidence does not establish that the lack of proportionally equal, non-IRC promotions caused or threatened to cause injury to Plaintiffs' ability to compete with Costco, and Plaintiffs have not proved by a preponderance of the evidence the threatened antitrust injury needed to prevail on their section 2(d) claim" and also that the UCL claim fell with the 2(d) claim.  *U.S. Wholesale* ECF No. 675, PageID #.32966-67.  (Ex. 9)   This re-affirmed Living Essential's complete success before the District Court.  The *U.S. Wholesale* plaintiffs again appealed.  *Id*., ECF No. 677.  The appeal is pending.

## IV.   2025: *Rashidzada* and the Non-Party Subpoena

In June 2025, Plaintiffs—each of whom were involved in one or more of *Pitco*, *ABC*, and *U.S. Wholesale*—filed *Rashidzada* against Costco.  While Living Essentials is not a party in that case, Plaintiffs claim that Costco "received rebates, commissions, unearned discounts, special services or privileges from [Living Essentials]" and other producers of consumer goods in violation of that act.  *Id.* ECF No. 27, PageID #.629-630 ¶ 120.  Living Essentials is referred to by name at least 24 times in the 40-page FAC.  *Id.* ECF No. 27.

On October 1, 2025, following a meet and confer, Plaintiffs served the Subpoena on Living Essentials.  (Ex. 4).  On October 10, 2025, Living Essentials

served Plaintiffs with objections to the Subpoena.  (Ex. 5) The Subpoena seeks documents and communications from January 1, 2021 to the present.  (Ex. 4, Instruction No. 7).  Along with being overbroad, vague, and unduly burdensome, the Subpoena seeks the same discovery which the *U.S. Wholesale* Court denied.  Worse still, most of the documents and communications sought, if they exist, would already be in the possession of Plaintiffs and/or Costco. Ultimately, the Subpoena is an improper attempt to avoid the *U.S. Wholesale* Court's order and Living Essentials' favorable judgment.  Plaintiffs should not be permitted to dodge that court's rulings through a Subpoena in a separate proceeding.

## **ARGUMENT**

Plaintiffs assert one claim in *Rashidzada* for violation of California's UPA, §17045.  *Rashidzada*, ECF No. 27, PageID.629.  After the *U.S. Wholesale* plaintiffs dismissed their claim under the UPA, §17045, the jury and District Court ruled, and a judgment was issued, rendering Living Essentials' participation in the IRC events, DOW allowances, business savings events, and other promotions lawful under the RPA and UCL.  The *Rashidzada* Plaintiffs pretend otherwise in their First Amended Complaint and seek discovery aimed at either holding Costco liable for the same conduct found lawful in *U.S. Wholesale*; or else, preparing to take another run at Living Essentials on claims that have already failed.

I.     **Standards**

Under Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." "Undue burden is to be assessed in a case-specific manner considering relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *In re: Mod. Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018) (cleaned up).

In deciding whether to enforce subpoenas, "Courts must balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of that person as a non-party is a factor." *Id.* (citations and quotations omitted). And, under Fed. R. Civ. P. 45(d)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court … must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."

## II.     The Subpoena Is Barred as an Impermissible
## <u>Collateral Attack on the Order Denying Discovery</u>

A collateral attack occurs when a party uses a secondary proceeding to circumvent an earlier ruling of another court. *Republic Bldg. Co., Inc. v. Ch. Twp. of Clinton, Mich.*, 81 F.4th 662, 666 (6th Cir. 2023).   A collateral attack exists "where the relief sought would, in some way overrule another court's ruling." *Id*. Declining to entertain collateral attacks promotes judicial efficiency and order. *Id*. The rule against collateral attacks applies to both orders and judgments. *S.S. Aircraft Co. v. Piper Aircraft Co*., 159 Mich. App. 389 (1987).

In *U.S. Wholesale*, LA Int'l, SDCC, LA Top, Trepco, and Living Essentials already litigated whether the discovery at issue may be had.  The answer was "no." (Ex. 8)  The discovery sought in the *U.S. Wholesale* Action is the same discovery sought in the Subpoena.  After remand, the *U.S. Wholesale* plaintiffs filed a motion for permanent injunction seeking, in part, periodic production of information to the plaintiffs as well as post-trial discovery.  *U.S. Wholesale*, ECF No. 653, PageID #.31587-89. (Ex. 7, Plaintiffs' Notice of Motion and Motion for Permanent Injunction; Conditional Motion for Post-Remand Discovery)  Those plaintiffs claimed to seek "limited" discovery, but actually asked the court to order "discovery to show that the discriminatory treatment that reigned over the seven years' of trial evidence remains ongoing." *Id.*, PageID #.31587.

At the time, there was an affirmed jury verdict in place, ruling there was no

11

price discrimination under Section 2(a), as well as an open question as to promotional discrimination under Section 2(d).  Thus, there was no basis to state that any "discriminatory treatment" existed.  In effect, Plaintiffs wanted all the same documents requested pre-trial for the post-trial period (over 5 years of data at the time the request was made), including documents relating to pricing of 5HE with regard to Costco and the wholesaler plaintiffs, Living Essentials' costs, promotions and discounts, and other financial information.

While the plaintiffs did not attach proposed requests, that stated that they sought information relating to advertising in the Costco Business Centers' Business Savings Event catalog; participation in the DOW program or payment of advertising fees; any payments made to Costco; any promotional payments; any advertising information; and information on promotions related to Costco. *U.S. Wholesale*, ECF No. 653, PageID.31588-89.  The plaintiffs requested ongoing production of that information in its motion for injunctive relief.  This included the terms of all promotional funding relating to 5HE at Costco. *U.S. Wholesale*, ECF No. 653, PageID.31586-87.  This is the same information sought in the Subpoena:  pricing information, cost information, and discovery as to IRCs, Business Savings Event and catalogs, DOW allowance, and other promotions.  (Ex. 4) The *Rashidzada* First Amended Complaint describes the claims at issue as relating to discounts and rebates such as IRCs, DOW allowance, Business Savings Event and catalogs, and other

activities – the same activities at issue in *U.S. Wholesale* and which the *U.S. Wholesale* jury and District Court already ruled were lawful as to Living Essentials. *Rashidsaza* ECF No. 27 and *U.S. Wholesale* ECF Nos. 517, 618 and 680.

Plaintiffs cannot use a collateral proceeding to circumvent *U.S. Wholesale*'s discovery ruling.  Given that *U.S. Wholesale* is pending in the Ninth Circuit, allowing Plaintiffs to obtain previously denied discovery may also prejudice Living Essentials in that appeal.  Plaintiffs cannot seek discovery of the same type of documents with this Subpoena where the same discovery was denied by the court in the direct litigation between them and Living Essentials.  *See Republic Bldg., supra.*

## III.   The Subpoena Is Barred as a Collateral Attack on the *U.S. Wholesale* District Court's Judgment in Living Essentials' Favor

LA Int'l, SDCC, and Trepco assert claims relating to the sale of 5HE by Costco and Living Essentials and Costco's alleged participation in activities referred to as IRCs, discounts, DOW allowance, Business Saving Events, and other promotional activity.  *Rashidzada* ECF No. 27, PageID #.614-616, 618-619.  These activities were already ruled lawful in *U.S. Wholesale*.  *U.S. Wholesale*, ECF Nos. 289, 517, 618 & 680 (Ex. 10); *U.S. Wholesale Outlet & Distr.*, *supra*, 89 F.4th 1126.

The *U.S. Wholesale* Plaintiffs litigated their UPA §17045 claim through the end of their case in chief.  However, rather than be subject to an unfavorable verdict, they abandoned the claim after they rested their case but before the jury verdict. Ex. 6, PageID.26856 and 26903.  Importantly, questions of law and fact essential to the

13

judgment on the Section 2(d) claim were actually litigated and determined to a valid, final judgment by the *U.S. Wholesale* court.

Moreover, the *U.S. Wholesale* Plaintiffs admitted in their motion for partial summary judgment that "Plaintiffs' claim under [UCL §17045] also tracks the elements of an RPA Section 2(a) claim." *U.S. Wholesale*, ECF No. 175, PageID #.5684 (Ex. 11) The Plaintiffs litigated the Section 2(a) claim to its conclusion with the jury rendering a verdict against Plaintiffs, which the Ninth Circuit affirmed.

Further, the question of whether Costco's payments and other allowances to Living Essentials tended to destroy competition was an element of the Section 2(d) claim in *U.S. Wholesale* – which Plaintiffs, again, lost. *See Volvo Trucks N. Am., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164 (2006); *U.S. Wholesale*, ECF No. 675, PageID.32964, ¶32.  The *U.S. Wholesale* court ruled the payments and other allowances listed above **did not** tend to destroy competition, adjudicating the claim in favor of Living Essentials and entering final judgment in its favor.  (Ex. 9, PageID.32964-32966; Ex. 10 at ECF No. 680 (Amended Final Judgment). This question of whether the payments and other allowances tended to destroy competition was an identical element of the §17045 claim in *U.S. Wholesale*, as reported in the Amended Proposed Final Pretrial Conference Order submitted there, which stated the third element of the claim as whether "The payments and other allowances had a tendency to destroy competition."   *Id.* ECF No. 380-1,

14

PageID.21099-21100.  (Ex. 12)

Plaintiffs brought the same §17045 claim in *Rashidzada*, alleging the same "tendency to destroy competition" element as to Costco's interactions with Living Essentials.  *Rashidzada* ECF No. 27, PageID #.629-630 and 637 (¶¶120 and 148). Plaintiffs allege that Living Essentials is a "supplier" and that 5HE is a consumer packaged good or "CPG."  *Id.* PageID #.611 and 612, ¶¶38 and 43.  They also attack Living Essentials, by name, as to the activities already adjudicated as lawful – twice – in *U.S. Wholesale*.  This is a collateral attack on the *U.S. Wholesale* judgment – seeking the opposite ruling on the same legal and factual issues in another court.

Living Essentials would be prejudiced by any such inconsistent ruling as the parties to *U.S. Wholesale* are currently involved in the *U.S Wholesale* plaintiffs' appeal (which include three of the five Plaintiffs here).  For example, in *U.S. Wholesale*, promotions and billbacks were treated separately from pricing.  *U.S. Wholesale*, ECF No. 603, ECF No. 675, PageID #.32961 and #.32963-64.  However, the subpoena at issue defines promotions and billbacks as part of price.  (Ex. 4) Forcing Living Essentials to accept that definition is inconsistent with the earlier ruling on how the pricing is calculated, potentially subjecting Living Essentials to inconsistent obligations.

Plaintiffs' proper remedy is to appeal the *U.S. Wholesale* judgment.  They may not seek an inconsistent ruling from another court or seek to bolster their appeal

by alleging the same claims against Costco in *Rashidzada*.  The discovery sought is non-discoverable because Plaintiffs may not collaterally attack the jury verdict and judgment in *U.S. Wholesale*.  It would also be prejudicial and unduly burdensome to Living Essentials to have to defend its judgment as a non-party or to fend off irrelevant arguments based on the discovery in their pending appeal.

## IV.   Res Judicata or Collateral Estoppel Bar
##        Plaintiffs' Claim such that Discovery Is Unwarranted

Since LA Int'l, SDCC, and Trepco are named parties in *U.S. Wholesale*, and since the same claims and issues were litigated and decided in Living Essentials' favor as they allege in *Rashidzada*, Plaintiffs are barred under res judicata and collateral estoppel from asserting the same claims against Living Essentials or using rulings in *Rashidzada* in the *U.S. Wholesale* appellate proceedings.

Federal courts look to federal law when considering the preclusive effect of another federal court's judgment.  *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007).  Precluding parties from contesting matters that they have had the full and fair opportunity to litigate protects against "the expense and vexation attending multiple lawsuits," conserves judicial resources, and fosters "reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citations omitted).

Res judicata applies when (1) there is a final decision on the merits of the first action; (2) the second action involves the same parties, or their privies, as the first;

(3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims. *Walker v. Gen. Telephone Co.*, 25 Fed. App'x. 332, 336 (6th Cir. 2001). This doctrine extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. *Id*. Meanwhile, collateral estoppel provides that the decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation. *U.S. v. Mendoza*, 464 U.S. 154, 158 (1984). Mutuality of parties is not required for collateral estoppel to apply. *Id*. The elements of collateral estoppel are:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation,
> (2) the issue was actually litigated and decided in the prior action,
> (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation,
> (4) the party at issue was a party to the prior litigation (or in privity with such a party), and
> (5) the party at issue had a full and fair opportunity to litigate the issue.

*Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005). Plaintiffs' claim against Costco relating to Living Essentials—or any potential future claims against Living Essentials concerning the alleged conduct— are barred under both doctrines.

In the event Plaintiffs seek to name Living Essentials in *Rashidzada* and because they include Living Essentials in their definition of "suppliers" in *Rashidzada*, they are barred from doing so because 1) there was a final decision on the merits of *U.S Wholesale*, 2) the two actions would involve the same parties or

17

their privies, 3) *Rashidzada* raises an issue actually litigated in *U.S. Wholesale*, concerning the allegation of a tendency to destroy competition, and the same §17045 claim should have been litigated there since the plaintiffs did so all the way through to the end of their case at trial, but which they jettisoned before a verdict was rendered; and 4) there is an identity of claims, as described above. [4]   Res judicata bars the claims upon which discovery is sought and therefore it would be prejudicial and unduly burdensome to grant discovery on invalid claims.

Claim preclusion serves the interests of protecting litigants against gamesmanship and the added litigation costs of claim splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation. *Airframe Systems v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Where a plaintiff "had every opportunity to fully litigate its various claims against the full range of defendants in an earlier suit and made the strategic choice not to do so. Plaintiffs cannot obtain a second chance at a different outcome by bringing related claims against closely related defendants at a later date." *Id*. This is exactly what Plaintiffs are attempting

---

[4] Defensive res judicata does not require the same defendant to be named in both actions, nor strict privity between the two. *In re El San Juan Hotel Corp*., 841 F.2d 6, 10 (1st Cir. 1988). Further, "where res judicata is invoked against a plaintiff who has twice asserted essentially the same claim against different defendants, courts have, as indicated in the cases above cited , enlarged the area of res judicata beyond any definable categories of privity between the defendants." *Bruszewski v. U.S.*, 181 F.2d 419, 422 (3rd Cir. 1950). *See also*, *Airframe Sys*., *supra* at 17, providing claim preclusion applies if there is a close relationship even if not "in privity."

to do here, relitigate the finding of non-liability as between Living Essentials and Costco in a second action.  Collateral estoppel prevents Plaintiffs' claims against Living Essentials and thus no discovery as to such claims may be had.

Issues relating to the sale of 5HE by Costco and Living Essentials and Costco's alleged participation in activities referred to as IRCs, discounts, DOW allowance, other services, business saving events and particularly the question of whether the payments and other allowances had a tendency to destroy competition at issue in *Rashidzada* were already litigated in *U.S. Wholesale*.  *U.S. Wholesale* ECF Nos. 289, 517, 618 and 680 (Ex. 10); *U.S. Wholesale, supra*, 89 F.4th 1126 (9th Cir. 2023).  Those findings were essential to the judgments entered in that case.  *Id*.

The same parties or privies would be involved.  Plaintiffs LA Int'l, SDCC, and Trepco were plaintiffs in *U.S. Wholesale*. Those Plaintiffs pursued their Section 2(a), 2(d) and UPA §17045 claims through the course of that litigation.  Those Plaintiffs have also pursued an appeal of the Section 2(d) claim and then post-remand briefing.  Those Plaintiffs are currently pursuing a second appeal to the Ninth Circuit as to the Section 2(d) claim.  There is no doubt that they had a full and fair opportunity to litigate the issue of whether the payments and other allowances had a tendency to destroy competition in *U.S. Wholesale* at the trial and appellate levels.

As for non-overlapping plaintiffs, Plaintiffs allege not only that there was a purported "tendency to destroy competition" as to the them but also as to "**other**

19

wholesalers/distributors'" or "competing wholesalers/distributors such as PLAINTIFFS". *Rashidzada* ECF No. 27, PageID #.637, ¶148 (bold added).  Plainly, the Plaintiffs state their intention that their claims encompass other wholesalers or distributors which include the non-overlapping plaintiffs between the two actions. *U.S. Wholesale* ECF No. 35, PageID.159 and 160, Second Amended Compl. ¶¶20, 22, 24, and 28-29 (Ex. 13)  and *Rashidzada* ECF No. 27, PageID.602 and 606, FAC ¶¶2, 4, and 23.   Moreover, Pitco were named in *ABC*, which brought the same allegations as *U.S. Wholesale*.   The relationship between Pitco and the *U.S. Wholesale* plaintiffs is close enough such that collateral estoppel should apply.[5]

## V.   SDCC Has No Basis to Propound the Discovery

The Subpoena seeks production of documents relating to Living Essentials' sales of its product to the Plaintiffs and to Costco.  (Ex. 4, Subpoena Ex. A at Request Nos. 2 and 8)  The Plaintiffs did not each issue their own subpoenas, but issued an omnibus subpoena seeking documents relating to purported sales and communications with respect to the Plaintiffs as a group.  However, SDCC avers that it does not buy 5HE from Living Essentials. ECF No 27, PageID #.627) Therefore, there can be no documents relating to sales and communications with SDCC in the requested time period.  Demanding knowingly non-existent documents

---

[5] It appears Plaintiffs seek to avoid objections concerning res judicata and collateral estoppel by only having Pacific move to compel. The strategy is not effective because collateral estoppel and res judicata also bar Pitco's claims.

is frivolous, harassing, and sanctionable.

## VI.    The Documents Requests Are Otherwise Objectionable

Alternatively, in the event the Court does not deny Plaintiffs' motion for the above reasons, the it should be denied, or the requests narrowed for the reasons that they violate principles of discovery.

### A.    Discovery Is Available from Plaintiffs and Costco

A court must limit the scope of discovery if it determines that the discovery is unreasonably cumulative or duplicative or that it can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed.R.Civ.P. 26(b)(2)(C)(i).  Courts in the Sixth Circuit "have repeatedly denied motions to compel discovery and quashed subpoenas directed to non-parties where the discovery sought was obtainable from a party to the litigation." *Baumer v. Schmidt*, 423 F.Supp.3d 393, 408-9 (E.D. Mich. 2019) (collecting cases).

Request No. 8 is frivolous and sanctionable because it demands documents that Plaintiffs possess.  It seeks  "DOCUMENTS sufficient to show the NET PRICE at which YOU sell 5-Hour Energy to PLAINTIFFS."  (Ex. 4, Subpoena Ex. A) Plaintiffs, minus SDCC, already know the price that they pay for 5HE.  Plaintiffs should look to their own records before demanding duplicates from a non-party.

Requests 3-7 and 9 seek information that would be in Costco's possession:

**REQUEST NO. 3**:  DOCUMENTS sufficient to quantify, or that otherwise reflect, the value of any functions *performed by COSTCO* in

21

exchange for receiving DISCOUNTS or PROMOTIONS from YOU for 5-Hour Energy.

**REQUEST NO. 4:** All DOCUMENTS and COMMUNICATIONS concerning DISCOUNTS or PROMOTIONS related to 5-Hour Energy *offered by YOU to COSTCO, or requested of YOU by COSTCO*.

**REQUEST NO. 5:** All DOCUMENTS and COMMUNICATIONS concerning any advertising, marketing, distribution, endcaps, pallet displays, and logistical services related to 5-Hour Energy that are *provided by COSTCO* at a Costco Business Center.

**REQUEST NO. 6:** All DOCUMENTS and COMMUNICATIONS concerning the actual or potential pricing of 5-Hour Energy offered by YOU *to COSTCO*.

**REQUEST NO. 7:** DOCUMENTS sufficient to show the NET PRICE at which YOU sell 5-Hour Energy *to COSTCO*.

**REQUEST NO. 9:** All DOCUMENTS and COMMUNICATIONS concerning *actual or potential non-disclosure or confidentiality obligations owed by either YOU, or by COSTCO, in connection with any transactions of any kind between YOU and COSTCO* regarding 5-Hour Energy. (Ex. 4, Subpoena Ex. A; bold added)

Each of the described documents, if they exist, either:  a) were exchanged with Costco and in its possession or b) relate to Costco's own actions, such as its provision of services referenced in Request Nos. 3 and 5.  Plaintiffs do not contend that they have requested the documents from Costco but were unable to obtain them.  These documents can be obtained from some other source that is more convenient, less burdensome, or less expensive – namely from the parties themselves.  Plaintiffs' motion should be denied for this reason or, alternatively, a protective order granted providing that Living Essentials is not required to respond to Request Nos. 3-9.

### B.      The Requests Are Vague, Overbroad, and Unduly Burdensome

The Subpoena is unduly burdensome for non-party Living Essentials.  First, the discovery is not relevant to any valid claims.  The issue of whether Costco and Living Essentials' conduct had any tendency to destroy competition—an element of Plaintiffs' claim in *Rashidzada*—has already been litigated.  The claim is collaterally estopped, and therefore the documents requested are not relevant.

Next, the requests are overbroad.  The Subpoena requests five years' worth of "documents," which are defined to include everything under the sun, including all written and electronic communications and correspondence, as well as any other written, printed materials, including drafts of those same materials.  For Requests Nos. 4–6 and 9, the Subpoena asks for "All" documents concerning a certain topic. This District has consistently held that "request[s] for all documents and items 'contained in, concerning or related to' … is far too broad and is not limited to relevant information or reasonably calculated to lead to the discovery of admissible evidence and the burden of such an unlimited Request outweighs the likely benefit of the same." *Phoenix Life Ins. Co. v. Raider-Dennis Agency, Inc.*, No. 08CV11562, 2010 WL 1782251, at *2 (E.D. Mich. May 3, 2010) (Ex. 14) ; *see also*, *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. CIV. 07-12250, 2008 WL 2026131, at *3 (E.D. Mich. May 12, 2008) ("[Request for Production No. 14 seeking 'all documents' is overbroad[.]"). (Ex. 15) The Subpoena is overbroad for requesting

23

every document relating to Costco over the past five years.

The documents requested are not described with particularity. "A document request should not call on the producing party to engage in a subjective guessing game of whether a document is responsive." *Mannon v. VAMC Ann Arbor*, 2025 WL 2448485, *3 (E.D. Mich. Aug. 25, 2025). (Ex. 16)  Plaintiffs' requests are vague, requiring Living Essentials to guess what is sought.  For example, Plaintiffs request documents "sufficient to show" "costs-of-goods-sold" to Costco and Plaintiffs.  (Ex. _, at Nos. 1 and 2).  Neither "cost-of-goods-sold" nor "sufficient to show" is defined in the Subpoena.  Living Essentials would have to guess at which documents should or should not be produced.  Similarly, Request No. 3 requests documents "sufficient to quantity, or otherwise reflect, the value of any functions performed by COSTCO in exchange for receiving DISCOUNTS or PROMOTIONS."  Neither "sufficient to quantity" nor "functions" is defined, and Living Essentials should not have to speculate as to their meaning. This Court should deny Plaintiffs' motion as the Subpoena is unduly burdensome and requests no relevant documents.

Also, under Fed. R. Civ. P. 45(d)(3)(B)(i), a District Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information[.]"  Under Rule 45, if a subpoena respondent demonstrates that the information at issue "falls into a protected category and that disclosure may be harmful," then the burden shifts to the requesting party

to establish relevance and need.  *State Farm Mut. Ins. Co. v. Policherla*, 2009 WL 2170183, at \*3 (E.D. Mich. July 20, 2009). (Ex. 17)   The same category of documents was subject to a protective order in *U.S. Wholesale* due to their confidentiality and propriety, demonstrating that they are in a protected category.

Although a protective order exists in *Rashidzada*, that is of no comfort, where it appears Plaintiffs' counsel used confidential information from discovery, despite the *Pitco* PO, for the *ABC* action and because Living Essentials, as a non-party, will not be able to meaningfully monitor compliance with the protective order.

Finally, Plaintiffs have not excepted privileged or work product communications from their requests and, warranting denying Plaintiffs' motion or granting a protective order over privileged or work product documents.

## <u>RELIEF REQUESTED</u>

Living Essentials requests that the Court deny Plaintiffs' Motion.

Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

By: *<u>/s/ Martha J. Olijnyk</u>*
Martha J. Olijnyk (P60191)
Taylor L. Ester (P85649)
950 W. University Dr., Suite 300
Rochester, Michigan 48307
Telephone:  (248) 841-2200
Facsimile:   (248) 652-2852
Dated:  December 23, 2025          *Counsel for Living Essentials*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2025, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

<u>/s/ *Martha J. Olijnyk*</u>
Martha J. Olijnyk (P60191)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
mjo@millerlawpc.com